Filed 2/7/24  P. v. Dix CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082179 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR139393) |
| JOHNNY ARTHUR DIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Felicity Senoski, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Johnny Arthur Dix appeals the order denying his petition for resentencing on his second degree murder conviction under what is now

Penal Code section 1172.6.  The trial court denied the petition without holding an evidentiary hearing, finding Dix ineligible for relief.  We affirm.  As we resolve this case by memorandum opinion, we do not elaborate on factual or procedural background beyond that required for our analysis.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

## I.

Before turning to the merits, we address the People's opposed request for judicial notice.  The People seek judicial notice of (1) the record from the direct appeal in this matter, which consists of the trial reporter's transcript and clerk's transcript; and (2) the appellate opinion affirming denial of Dix's first resentencing petition.  As discussed in the next paragraph, we grant the People's request.

The trial court denied Dix's resentencing petition after reviewing "the extensive record of conviction, the parties' briefing, *and* the evidence submitted."  (Italics added.)  The record of conviction includes jury instructions, verdict forms, closing arguments, charging documents, and, as appropriate, prior appellate opinions in the case.  (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935; *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 (*Lewis*).)  The documents provided by the People therefore encompass the record of conviction.  Dix's speculative claim that the record of conviction "consist[s] only" of the unpublished direct appeal opinion and "does not contain the jury instructions or the closing arguments" lacks merit.  First, the trial court would not characterize a 14 page opinion as "extensive."  Second, while Dix cautions us not to "assume[ ] that the trial court reviewed and relied upon records not presented to it by the parties," the trial court expressly said it "reviewed the extensive record of conviction" *in addition to*

2

the parties' briefing and submitted evidence.  Because the trial court considered the record of conviction and it is relevant to our decision, we grant the People's request.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

II.

Dix argues the trial court erred by denying his resentencing petition without holding an evidentiary hearing because "the factual uncertainty in this case" precludes finding him ineligible for resentencing as a matter of law.  After independently reviewing the challenged order, we disagree.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

In recent years, the Legislature altered "the scope of murder liability for those who were neither the actual killers nor intended to kill anyone." (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)  Relevant here, anyone convicted of (1) felony murder, (2) murder under the natural and probable consequences doctrine, or (3) murder under any other theory where malice is imputed to a person based solely on that person's participation in a crime may petition the trial court to vacate the conviction and resentence him or her.  (Pen. Code, § 1172.6, subd. (a).)  If the petitioner fails to state a prima facie case for relief, however, the court may deny the petition without issuing an order to show cause and holding an evidentiary hearing.  (*Id.*, subds. (c), (d).)

Although this prima facie inquiry is "limited," the record of conviction allows the trial court to "distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis, supra*, 11 Cal.5th at p. 971.)  At the prima facie stage, the trial court accepts the petitioner's factual allegations as true and assesses if the petitioner may be entitled to relief.  (*Ibid.*)  The trial court cannot engage in factfinding requiring (1) weighing the evidence or (2) exercising discretion.  (*Id.* at p. 972.)  But "'[i]f the petition and record in

3

the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 450.)

Dix's appeal hinges on his claim that the record of conviction "does <u>not</u> contain the jury instructions or the closing arguments of counsel[ ] and does not otherwise disclose the legal theory (or theories) upon which the prosecution secured [Dix's] conviction for second degree murder." Thus, Dix speculates his conviction "may have been based on an invalid theory of liability that did not require a finding of express o[r] implied malice" or "based on an aiding and abetting theory—i.e., on a finding of imputed malice and without a finding of express or implied malice."

The record of conviction, however, conclusively establishes the jury convicted Dix of second degree murder as the actual killer who acted with either express or implied malice. For the count at issue, the trial court defined "murder" as the unlawful killing of a human being with malice aforethought. (Pen. Code, § 187, subd. (a).) For this count, the court did not give any jury instructions on aiding and abetting, felony murder, natural and probable consequences, or any other theories of imputed malice. Rather, the relevant jury instructions on second degree murder addressed only express and implied malice. (Pen. Code, § 188, subd. (a).) In closing arguments, the prosecutor offered only one possible shooter: Dix. While defense counsel suggested another person killed at the scene was the shooter instead, the jury necessarily rejected that theory when it convicted Dix of second degree murder and found true that he personally used a firearm in the commission of that murder.

Accordingly, the trial court correctly found "malice was not *imputed* to [Dix] as a participant in the crime but proven based on the evidence of [Dix's]

4

direct liability in the murder[ ] as the killer."  Dix is thus ineligible for resentencing under Penal Code section 1172.6.  Given this conclusion, we need not address the People's claim that Dix's resentencing petition is procedurally barred under either collateral estoppel or the law of the case.

### III.

We affirm the order denying Dix's resentencing petition.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

5